400 P.2d 15

Coy RINGO et al., Plaintiff and Appellant,

v.

John W. TURNER and the Utah Board of Corrections et al., Defendants and Respondent.

No. 10255.

Supreme Court of Utah.

March 18, 1965.

Robert E. Schoenhals, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Chief Justice:

Appeal from a denial of a petition for writ of habeas corpus. Affirmed.

In 1958, Ringo was convicted of robbery and sentenced to serve time in the state prison. In 1959, the Utah legislature enacted the Western Interstate Corrections Compact,[1] allowing for transfer of prisoners from one state to another for rehabilitation and correctional purposes. In March, 1962,[2] Ringo was convicted again, this time for malicious assault on an inmate with a laundry pin, in which the victim received serious abdominal and rib wounds. Thereafter Ringo was transferred to Folsom prison in California by gubernatorial agreement under the Compact.

His contention here is that the Compact of 1959 was an ex post facto law that imposed conditions other than that included in the 1958 sentence to the Utah State Prison, and hence unconstitutional.

We think there is little or no merit in such contention, and there certainly is none since he committed and was sentenced on a charge for an act committed after the 1959 Compact. We wish to thank his counsel for an able presentation after having been appointed by the court.

McDONOUGH, CROCKETT, WADE and CALLISTER, JJ., concur.

1. Title 77–63–1, Utah Code Annotated 1953 (1963 Pocket Supplement, p. 105).

2. State v. Ringo, 14 Utah 2d 79, 377 P.2d 646 (1963).