**Delbert V. CRAWFORD, Plaintiff and Appellant,**

v.

**Samuel W. SMITH, Warden, Utah State Prison, Defendant and Respondent.**

No. 15507.

Supreme Court of Utah.

April 21, 1978.

Randall T. Gaither, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

---

Delbert Crawford appeals from the denial of his petition for a Writ of Habeas Corpus.

Petitioner is an inmate of the Utah State Prison as a transfer from the Idaho State Prison under the Western Interstate Corrections Compact.[1] It appears that the transfer was made pursuant to the request of the warden of the Idaho State Prison for the purpose of aiding in rehabilitation of the petitioner and in the interest of institutional security.

■ Petitioner alleges that he is unlawfully restrained of his liberty because: (a) he has been neither charged with nor convicted of any crime in Utah; (b) he has been denied the protections the law should afford him in that he is separated from his attorney who resides in Idaho; and that he has been denied the use of a law library.

The fact that petitioner has neither been charged nor convicted of any crime in Utah has no relevancy as to the unlawfulness of his incarceration here. He does not here question the lawfulness of his conviction, sentence and commitment in the state of Idaho; and in fact he could not do so in this proceeding. When one has been so convicted and sentenced for crime, it is not his prerogative to choose the time, manner or place of incarceration. We have heretofore recognized and reaffirm that the legislative enactment of the Reciprocal Interstate Corrections Compact by which prisoners may be transferred and imprisoned in a sister state is constitutional and not violative of the prisoner's rights.[2]

■ We take cognizance of the rights of prisoners to have access to the courts.[3] But this petitioner's claim of being so denied is without merit. He was convicted, sentenced and committed to prison in the Idaho court having jurisdiction over him and the offense charged; and he has also availed himself of access to our courts in this proceeding.

■ Further, we do not question that fair and reasonable opportunity should be afforded to one so confined for the preparation and filing of legal papers to challenge the basis of his restraint.[4] But there is no set and exclusive formula by which this must be done.[5] It is the prerogative of the prison authorities to determine how that objective can best be accomplished and at the same time carry out their responsibilities of providing security and maintaining proper discipline.

The facts shown in this case are that the petitioner has had court appointed counsel to represent and assist him in both Idaho and Utah; and it is not made to appear that he has been unfairly treated, nor that there has been any violation of his rights, nor any unreasonable deprivation of the privileges to which he is entitled.[6]

Affirmed. No costs awarded.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

1. Sec. 77–63–1 et seq., U.C.A.1953, as amended; Sec. 20–701 Idaho Code.

2. *Ringo v. Turner,* 16 Utah 2d 298, 400 P.2d 15 (1965); *Dwyer v. State,* Alaska, 449 P.2d 282; 39 C.J.S. Habeas Corpus § 94b.

3. *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

4. Id. at 1498.

5. Id. at 1499.

